# RAAB, STURM & GANCHROW, LLP
COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
Fax: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

MAURA E. BREEN**
SAMUEL R. BLOOM****

\* ADMITTED IN NY AND NJ
\*\*ADMITTED IN NY AND CT
\*\*\* ADMITTED IN NY AND FLA
\*\*\*\*ADMITTED IN NY, NJ AND MD

May 3, 2022

Application granted.

The initial status conference is hereby adjourned to May 26, 2022 at 11:45 a.m. The Court will hold this conference by telephone. The parties shall use the following dial-in information to call in to the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. The parties shall submit their joint letter and proposed case management plan as described in Docket 6 on or before May 19, 2022.

SO ORDERED.

Hon. Ronnie Abrams
05/04/2022

**VIA ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room
New York, New York 10007

Re: Kyle Bragg, as Trustee and the Trustees of the Building
Service 32BJ Health Fund, Plaintiff -v.- Tri Consulting Inc.
Request for Adjournment of Initial Pre-Trial Conference
scheduled for 5-6-22
Case No. 1-22-cv-00995 (RA)

Dear Judge Abrams:

This firm represents Kyle Bragg, as Trustee and the Trustees of the Building Service 32BJ Health Fund, the ("Plaintiff") in the above captioned case. The Defendant herein is a cleaning company called Tri Consulting Inc. ("Defendant"). The Defendant is a Washington District of Columbia corporation, with a principal place of business at 1531 D Street, SE, Washington, D.C. The Defendant has not appeared in this case and has not filed an Answer to the complaint.

Plaintiff brought this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act and Section 301 of the Labor-Management Relations Act of 1947, seeking statutory and contractual obligations to pay and/or submit monetary contributions and required reports to the Funds. More specifically, Plaintiff brought this action to enforce the collective bargaining agreement, the Fund's Trust Agreement and the Fund's rules and regulations, all of which require Defendant to cooperate with Plaintiff, when they conduct a payroll compliance audit, on Defendant's books and records.

Plaintiff respectfully requests an adjournment of the initial pre-trial court conference in this case currently scheduled for May 6, 2022 at 2:45p.m. I request the adjournment for a few reasons. The Defendant was evading service of the summons and complaint. The process server tried to personally serve Defendant's registered agent, at Defendant's listed address in Washington, District of Columbia, seven different times. These attempts were not successful. The Defendant refused to sign a Waiver of Service of Summons form.

As a last resort and in accordance with the laws of the District of Columbia, I requested the Washington, District of Columbia's Department of Consumer and Regulatory Affairs – Corporation Division ("DCRA"), serve Defendant with a copy of the summons and complaint. The DCRA served the documents on Defendant, by certified mail on April 4, 2022. I recently received the "Certificate of Service" from the DCRA. When I went to file the certificate of service with the court, I noticed the certificate was not filled out correctly by the DCRA office. I am requesting a corrected copy of the certificate of service, from the DCRA office. I hope to have the corrected certificate in my office within the next two weeks.

The Defendant is well aware of this lawsuit. A copy of the summons and complaint was sent to Defendant at least two times by email. I had a few phone conversations with the Defendant's principal, Mr. Brahim Zahar about the case I advised him as to which specific documents were still needed by the audit firm, for the audit.

After this lawsuit was filed, the Defendant submitted all of the requested payroll and tax documents to Plaintiff's audit firm. As of today, the only remaining documents that the Plaintiff's audit firm still needs from Defendant, are the General Ledger and the Cash Disbursements. The Defendant was advised in writing that these are the only documents still needed by the audit firm.

The Defendant was advised in writing that according to the rules of the Southern District of New York, corporations such as Defendant, must have an attorney represent them in federal court in the Southern District. The Defendant's principal Mr. Brahim Zahar emailed me last Friday about this matter. I was finally able to speak to Mr. Brahim Zahar late this afternoon. During our phone call, Mr. Brahim Zahar advised me that he is currently out of the country.

We agreed to schedule a phone call with my client's audit firm, regarding the remaining missing documents. The parties will make a final attempt to try and resolve the remaining issues in the lawsuit. For these reasons, I am requesting the adjournment of the initial pre-trial conference in this case.

Please advise if the court will grant Plaintiff's request for the adjournment of the first pre-trial conference in this case, for a period of about two weeks. This is Plaintiff's first request for an adjournment. Thank you for the court's time and attention to this matter.

Respectfully submitted,

*Maura Breen*

Maura Breen

cc: Tri Consulting Inc.
    (via email)